IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, et al.<br><br>Defendants. | Case No. 25-cv-04193<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION & ORDER**

Plaintiff Nancy Ellis brought this *pro se* lawsuit against Defendants Louis DeJoy, Postmaster General of United Postal States Postal Service ("USPS"), and forty-four (44) other current or former USPS employees. [1]. Defendants (excluding Postmaster DeJoy) moved to dismiss Plaintiff's complaint. [61]. For the reasons explained herein, Defendants' motion to dismiss, [61], is denied as moot. Plaintiff's motion for leave to amend her complaint [73] is granted.[1] The Court reviews Plaintiff's amended complaint attached to her motion under 28 U.S.C. § 1915(e)(2). Plaintiff's motion for leave to file instanter [74] is granted.

As to the remaining and only proper Defendant, the Postmaster General, Louise DeJoy timely answered the first amended complaint on August 4, 2025, the same day that counsel filed an appearance. [58-60]. Plaintiff's motion for default [68] is denied with prejudice. Further, pursuant to Federal Rule of Civil Procedure 25, the

---

[1] While docket entry [73] is titled motion to file an amended complaint, it is also Plaintiff's Second Amended Complaint (SAC).

1

current Postmaster General, David Steiner, is substituted as the named Defendant. The Clerk's office is directed to change the case caption to *Nancy Ellis v. David Steiner*.

Finally, Plaintiff's motions requesting sanctions [81] [82] are denied.

## DISCUSSION

The Court must screen the amended complaint and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

Plaintiff's SAC alleges that "[f]rom 2021-2025, Plaintiff experienced repeated harassment, [a] hostile work environment, and retaliation by USPS management and coworkers." [73] at 2. She further alleges that her union representatives "failed to

2

provide fair representation, ignored grievances," and "withheld filings." *Id*. She alleges that the USPS Agency Reviewer "altered, reclassified and tampered with [Plaintiff's] OWPC claims, including CA-2 and CA-2a recurrence filings", which she alleges "constitut[es] administrative fraud and denial of benefits." *Id*. Plaintiff alleges that she "submitted certified administrative notices from 2024 through 2025 to USPS, OIG, HR and management, demanding compliance." *Id*. She alleges that her notices "included a $1.8 million administrative claim for damages and $5,000/day penalties for ongoing violations." *Id*. at 2-3. Plaintiff alleges that her notices were unrebutted. *Id*. at 3. Lastly, Plaintiff alleges that "the United States Attorney has changed their role in the case… entered solely as defense counsel shielding USPS from accountability." *Id*. Plaintiff brings claims under Title VII (Count I), the Rehabilitation Act (Count II), the Fifth Amendment alleging denial of due process and equal protection (Count III), negligent supervision and retention (Count IV), abuse of authority under color of law (Count V), and equitable relief (Count VI). *Id*. at 5-7. The Court analyzes each count in turn.

**A. The Postmaster General is the only properly named Defendant.**

As a threshold matter, Plaintiff has acknowledged the Postmaster General is the only properly named Defendant. [73] All other named Defendants are therefore dismissed with prejudice. *See e.g. Ellis v. U.S. Postal Serv.*, 784 F.3d 835, 837 (7th Cir. 1986) ("It is well-settled in this circuit that, in a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the

3

agency—the Postmaster General.") (citing 42 U.S.C. § 2000e–16(c)); *see also McGuinness v. United States Postal Service*, 744 F.2d 1318, 1322–23 (7th Cir.1984).

### B. Plaintiff may bring claims under Title VII, the Rehabilitation Act, and the Fifth Amendment.

Plaintiff alleges a hostile work environment, removal from higher-level details, and retaliation for filing an EEO complaint under Title VII. [73] at 5. Claims for employment discrimination are properly brought under Title VII. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S. Ct. 1961, 1969, 48 L. Ed. 2d 402 (1976) ("[T]he Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment."). Plaintiff's Title VII claims (Count I) may therefore proceed.

Plaintiff further alleges that USPS failed to provide reasonable accommodations and engaged in retaliatory harassment based on Plaintiff's disability. [73] at 5. These claims are properly brought under the Rehabilitation Act. *See Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) ("[The plaintiff'] has no remedy for employment discrimination under the Americans With Disabilities Act ('ADA') because she is a federal employee. Thus, we evaluate her claims under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. Section 501 of the Act, which is the sole remedy for federal employees claiming disability discrimination."). Accordingly, Plaintiff's claims for disability discrimination under the Rehabilitation act (Count II) survive.

In Count III, Plaintiff brings two separate claims under the Fifth Amendment: (a) an equal protection violation for treating her differently than other similarly

4

situated employees; and (b) for deprivation of wages, benefits, and insurance without lawful procedure. [73] at 5. Plaintiff's discrimination claims must be brought under Title VII. *Brown,* 425 U.S. at 835. Therefore, her equal protection claim brought under the Fifth Amendment is dismissed with prejudice. Turning to Plaintiff's claim for procedural due process under the Fifth Amendment, she alleges that various USPS employees ignored her grievances and tampered with her Workers' Compensation Claims (OWPC). [17] at 2. The allegations are sufficient to put the Defendant on notice of a procedural due process claim. *Bonnstetter*, 811 at 973. Accordingly, the procedural due process claim in Count III survives, the equal protection claim is dismissed with prejudice.

Plaintiff brings claims for negligent supervision and retention. [73] at 6. The Court construes this common law tort claim under the Federal Tort Claims Act ("FTCA"). However, this is not properly brought against the Postmaster General. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012); 28 U.S.C. § 1346(b)(1) (FTCA provides the sole remedy for a tort claim based on a federal employee's negligence within the scope of their employment.) According to the Seventh Circuit, "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008). Additionally, Plaintiff has not properly alleged negligence. Count IV is therefore dismissed.

Plaintiff brings a claim for abuse of authority under color of law, citing 18 U.S.C. § 242. However, that statute does not provide a private right of action. Indeed, 18 U.S.C. § 242 is a criminal statute for federal prosecutors to charge government

5

officials who willfully violate an individual's rights under color of law. *See e.g. U.S. v. Brown*, 250 F.3d 580 (7th Cir. 2001) (affirming police officers' criminal convictions of depriving an individual of his constitutional rights under color of law in violation of 18 U.S.C. § 242). Accordingly, Count V is dismissed with prejudice.

Lastly, Plaintiff brings a claim for equitable relief. While the claims Plaintiff asserts may allow for equitable relief, there is not a stand-alone cause of action for "equitable relief". The Court dismisses Count VI with prejudice.

### C. Plaintiff's motion for sanctions is denied

Plaintiff argues that Defendants should face sanctions [81]; [82], including $5,000 per day for "noncompliance" and default. [81] at 4. "The standard for imposing sanctions under Rule 11 is ... an objective question of 'reasonableness under the circumstances.'" *Brown v. Nat'l Bd. of Med. Examiners*, 800 F.2d 168, 171–72 (7th Cir. 1986). Here, the Court does not find that dismissed Defendants or Defendant DeJoy have acted unreasonably. To the contrary, Defendant DeJoy promptly answered Plaintiff's complaint [60], while the remaining Defendants took the position they should not have been named as defendants [61], a position Plaintiff adopted. Plaintiff's motions requesting sanctions [81] [82] are denied.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss [61] is denied as moot. Plaintiff's motions for leave to amend her complaint [73] and to file instanter [74] are granted. The Court has reviewed the Complaint to assure that it does not raise frivolous claims. Count I, Count II, and Count III (as to the procedural due

process claim) survive. The equal protection claim in Count III is dismissed with prejudice. Count V is also dismissed with prejudice. Count IV is dismissed without prejudice. Plaintiff's motion for default [68] is denied. Plaintiff's motions for sanctions, [81] [82] are denied. The Court sets a telephonic status hearing for January 21, 2026, at 9:30 am. The Parties are to call 650-479-3207; access code 1801732451.

E N T E R:

Dated: January 12, 2026

MARY M. ROWLAND

United States District Judge